Harry A. Safarian (SBN 204106)
THE SAFARIAN FIRM, APC
3150 Montrose Avenue
Glendale, California 91214
Telephone:  (818) 334-8528
Facsimile:   (818) 334-8107
hs@safarianfirm.com

Attorneys for Defendants, DIVERSIFIED HOLDINGS, LLC d/b/a REAL ESTATE CONNECTION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GARCIA QUIROZ, FABIOLA VILLALOBOS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DIVERSIFIED HOLDINGS, LLC and REAL ESTATE CONNECTION, a business form unknown, and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 2:16-cv-03918 FMO(Ex)<br><br>***FIRST AMENDED* DEFENDANT DIVERSIFIED HOLDINGS, LLC d/b/a REAL ESTATE CONNECTION'S OBJECTIONS TO PLAINTIFFS' FRCP RULE 26(a)(3) PRETRIAL DISCLOSURES**<br><br>Judge: Hon. Fernando M. Olguin<br>Courtroom No. 22 |

Pursuant to Fed. R. Civ. P. 26(a)(3), Defendant DIVERSIFIED HOLDINGS, LLC d/b/a REAL ESTATE CONNECTION ("DIVERSIFIED") hereby submits its objections to plaintiffs' FRCP Rule 26(a)(3) Disclosures (Document No. 84) as follows:

**OBJECTIONS TO PLAINTIFFS' WITNESSES**

1.  **Adalid Orozco** – According to Plaintiffs' disclosures, this witness lived at a property neither owned nor managed by Defendant. Plaintiffs claim the unrelated property was managed by           nonparty property manager, Fernando

Ramirez, who has also managed the subject property during part of plaintiffs' tenancy. The property owned by the other nonparty person or entity is entirely unrelated to Defendant. As such, the unrelated property has different supervisors, rules, regulations, and policies. The testimony of tenants at an unrelated property neither owned or operated by Defendant is irrelevant (FRE 401, 402), immaterial, lacks foundation, is cumulative (FRE 403), prejudicial (FRE 403), and will be misleading to the jury (FRE 403).

2.     **Jessica Cruz -** According to Plaintiffs' disclosures, this witness lived at a property neither owned nor managed by Defendant. Plaintiffs claim the unrelated property was managed by nonparty property manager, Fernando Ramirez, who has also managed the subject property during part of plaintiffs' tenancy. The property owned by the other nonparty person or entity is entirely unrelated to Defendant. As such, the unrelated property has different supervisors, rules, regulations, and policies. The testimony of tenants at an unrelated property neither owned or operated by Defendant is irrelevant (FRE 401, 402), immaterial, lacks foundation, is cumulative (FRE 403), prejudicial (FRE 403), and will be misleading to the jury (FRE 403).

3.     **Alexis Leon -** According to Plaintiffs' disclosures, this witness lived at a property neither owned nor managed by Defendant. Plaintiffs claim the unrelated property was managed by nonparty property manager, Fernando Ramirez, who has also managed the subject property during part of plaintiffs' tenancy. The property owned by the other nonparty person or entity is entirely unrelated to Defendant. As such, the unrelated property has different supervisors, rules, regulations, and policies. The testimony of tenants at an unrelated property neither owned or operated by Defendant is irrelevant (FRE 401, 402), immaterial, lacks foundation, is cumulative (FRE 403), prejudicial (FRE 403), and will be misleading to the jury

1  (FRE 403).

2

3      4.     **Martha Gonzalez -** According to Plaintiffs' disclosures, this witness
4  lived at a property neither owned nor managed by Defendant. Plaintiffs claim the
5  unrelated property was managed by nonparty property manager, Fernando Ramirez,
6  who has also managed the subject property during part of plaintiffs' tenancy. The
7  property owned by the other nonparty person or entity is entirely unrelated to
8  Defendant. As such, the unrelated property has different supervisors, rules,
9  regulations, and policies. The testimony of tenants at an unrelated property neither
10 owned or operated by Defendant is irrelevant (FRE 401, 402), immaterial, lacks
11 foundation, is cumulative (FRE 403), prejudicial (FRE 403), and will be misleading
12 to the jury (FRE 403).

13

14      5.     **Maria Juarez -** According to Plaintiffs' disclosures, this witness lived
15 at a property neither owned nor managed by Defendant. Plaintiffs claim the
16 unrelated property was managed by nonparty property manager, Fernando Ramirez,
17 who has also managed the subject property during part of plaintiffs' tenancy. The
18 property owned by the other nonparty person or entity is entirely unrelated to
19 Defendant. As such, the unrelated property has different supervisors, rules,
20 regulations, and policies. The testimony of tenants at an unrelated property neither
21 owned or operated by Defendant is irrelevant (FRE 401, 402), immaterial, lacks
22 foundation, is cumulative (FRE 403), prejudicial (FRE 403), and will be misleading
23 to the jury (FRE 403).

24

25      6.     **Alexis Leon -** According to Plaintiffs' disclosures, this witness lived at
26 a property neither owned nor managed by Defendant. Plaintiffs claim the unrelated
27 property was managed by nonparty property manager, Fernando Ramirez, who has
28 also managed the subject property during part of plaintiffs' tenancy. The property

owned by the other nonparty person or entity is entirely unrelated to Defendant. As such, the unrelated property has different supervisors, rules, regulations, and policies. The testimony of tenants at an unrelated property neither owned or operated by Defendant is irrelevant (FRE 401, 402), immaterial, lacks foundation, is cumulative (FRE 403), prejudicial (FRE 403), and will be misleading to the jury (FRE 403).

7. **Catherine Tuinei -** According to Plaintiffs' disclosures, this witness did not live at the Subject Property, and has not lived at the property. Instead, she is the relative of a tenant. Her testimony of Defendant's policies and procedures is therefore irrelevant (FRE 401, 402), immaterial, lacks foundation, is cumulative (FRE 403), prejudicial (FRE 403), and will be misleading to the jury (FRE 403).

## **OBJECTIONS TO PLAINTIFFS' DOCUMENT PRODUCTION**

| **Ex #** | **Description** | **Objections** (See Key Below) |
|---|---|---|
| 36 | Responses of Diversified Holdings, LLC to Plaintiff's Demand for Production of Documents and Things, Set One | 2,3,7, 9 (privacy) |
| 38 | Responses of Diversified Holdings, LLC to Plaintiffs' Demand for Production of Documents and Things, Set Two | 2 |
| 40 | Supplemental Responses of Diversified Holdings, LLC to Plaintiffs' Demand for Production of Documents and Things, Set Three | 2,7, 9 (privacy) |

| | | |
|---|---|---|
| 42 | Responses of Diversified Holdings, LLC to Plaintiffs' Demand for Production of Documents and Things, Set Four | 2,7, 9 (privacy) |
| 44 | Responses of Diversified Holdings, LLC to Plaintiffs' Fourth Set of Interrogatories | 2,4,7, 9 (privacy) |
| 46 | Responses of Diversified Holdings, LLC to Plaintiff's Special Interrogatories, Set Two | 2,7 |
| 48 | Responses of Diversified Holdings, LLC to Plaintiff's Special Interrogatories, Set Three | 2,7, 9 (privacy) |
| 50 | Responses of Diversified Holdings, LLC to Plaintiff's Special Interrogatories, Set Four | 2,4,7, 9 (privacy) |
| 52 | Responses of Diversified Holdings, LLC to Plaintiffs' Demand for Production of Documents and Things, Set Five | 2,7 |
| 53 | Grant Deed | 2,3,4,6,7, 9 (privacy) |
| 54 | Defendant Diversified Holdings, LLC dba Real Estate Connection's First Amended Disclosures Pursuant to Federal Rules of Civil Procedure, Rule 26(a)(1) | 2,3,7, 9 (privacy) |

Grounds for Objection (Key)

1. No Objection; Admissibility Stipulated
2. Irrelevant

3. Hearsay
4. Best Evidence
5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, Personal Knowledge, Authenticity, Identity)
7. Unduly Time Consuming, Prejudicial, Confusing, or Misleading
8. Subsequent Repair
9. Other (Specify)

                              THE SAFARIAN FIRM, APC.

DATED: February 8, 2018       By: *Harry A. Safarian*
                                        HARRY A. SAFARIAN
                                        PIERRO H. BABAIAN
Attorneys for Defendant,
DIVERSIFIED HOLDINGS, LLC dba
REAL ESTATE CONNECTION

**PROOF OF SERVICE**

I declare that I am a citizen of the United States and am a resident or employed in Los Angeles County, California; that my business address is 3150 Montrose Avenue, Glendale, California 91214; that I am over the age of 18 and not a party to the action.

On February 3, 2018, I served the foregoing document by mail and electronic mail to the attorneys of record and/or the person(s) as indicated on the attached service list described as "**DEFENDANT DIVERSIFIED HOLDINGS, LLC d/b/a REAL ESTATE CONNECTION'S OBJECTIONS TO PLAINTIFFS' FRCP RULE 26(a)(3) PRETRIAL DISCLOSURES** " in this action as follows:

Craig P. Fagan, Esq.
LAW OFFICES OF CRAIG P. FAGAN
6320 Raydel Court
San Diego, California
Tel.: (619) 528-9600 | Fax: (619) 528-9675
Email: cpfagan@faganlegal.com

[**X**]   (BY ELECTRONIC MAIL) I personally emailed the reference document to each of the persons on the attached service list.

[ ]   (BY MAIL)   I am familiar with the practice of The Safarian Firm, APC for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at The Safarian Firm, APC, Glendale, California, following ordinary business practices.

[ ]   (BY FEDEX)  I am familiar with the practice of The Safarian Firm, APC for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at The Safarian Firm, APC, Glendale, California, following ordinary business practices.

[ ]   (BY PERSONAL SERVICE) I personally delivered the documents identified above to individual identified above, on the referenced date.

I am employed by a member of the bar of this court and made the service referenced herein.

_____
Pierro H. Babaian

1

PROOF OF SERVICE